NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL HUAZO-MARROQUIN, | No. 20-71227 |
| Petitioner, | Agency No. A205-671-653 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026[**]

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge VANDYKE.

Petitioner Jose Manuel Huazo-Marroquin ("Petitioner"), a native and citizen

of Mexico, petitions for vacatur of the Board of Immigration Appeals' ("BIA")

decision dismissing the appeal of the Immigration Judge's ("IJ") order denying

Petitioner's applications for asylum, withholding of removal, and protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). Petitioner also challenges the BIA's denial of his motion to remand to consider cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny in part and grant in part, and remand.

1.    We review the denial of applications for asylum, withholding of removal, and CAT relief for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

We review the BIA's denial of a motion to reopen or remand for abuse of discretion. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014); *see also Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (analogizing motions to reopen with motions to remand). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (internal quotation marks and citation omitted).

2.    Substantial evidence supports the agency's denial of Petitioner's

applications for withholding of removal and relief under CAT.[1]  "[W]ithholding of removal under § 1231(b)(3) … prohibits removal to a country where the noncitizen's 'life or freedom would be threatened' on account of his 'race, religion, nationality, membership in a particular social group, or political opinion.'"  *Iraheta-Martinez v. Garland*, 12 F.4th 942, 955 (9th Cir. 2021) (quoting 8 U.S.C. § 1231(b)(3)(A)).

Petitioner argues that he is a member of two proposed particular social groups ("PSGs"):  "Mexicans who are perceived as wealthy because of their years residing in the U.S." or "individuals who have spent a lengthy period in the U.S."  The agency properly concluded that neither group is a socially-distinct group in Mexican society and that our caselaw has rejected similarly broad PSGs as not legally cognizable. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that PSG "returning Mexicans from the United States," was "too broad to qualify as a cognizable social group"); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting "imputed wealthy Americans" as a PSG); *Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (rejecting "individuals 'returning to Mexico [from] the United States [who] are believed to be wealthy'" as a PSG).

To establish protection under CAT, a petitioner must show that "it is more likely than not that he or she would be tortured if removed."  *Akosung v. Barr*, 970

---

[1] Because Petitioner did not challenge the IJ's denial of asylum before the BIA, we do not have jurisdiction to consider that issue on appeal.  *See Cortez-Acosta v. INS*, 234 F.3d 476, 480 (9th Cir. 2000).

F.3d 1095, 1104 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(2)). And, the torture must be with the consent or acquiescence of a public official. *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). Substantial evidence supports the agency's conclusion that Petitioner did not meet his burden to show that he will "more likely than not" suffer future torture if returned to Mexico. Petitioner testified that two of his cousins were kidnapped and tortured in 2010 but did not point to any specific instances of violence against Petitioner or his family since then. Although the agency found that Petitioner's testimony and the country conditions data supported a possibility of torture, the evidence does not compel the conclusion that Petitioner is "more likely than not" to suffer torture if returned to Mexico.

3.      The BIA abused its discretion when it denied Petitioner's motion to remand to adjudicate cancellation of removal. Petitioner contends that the BIA relied on an interpretation of the "stop-time-rule" that is no longer viable after the Supreme Court's decision in *Pereira v. Sessions*, 585 U.S. 198 (2018); *see also* 8 U.S.C. § 1229b(b)(1)(A) & (d)(1)(A). We agree with Petitioner.

The BIA erred in relying on *Matter of Mendoza-Hernandez & Capula-Cortes*, 27 I&N Dec. 520 (BIA 2019) for the proposition that a subsequent notice to appear specifying the time and/or place of a hearing can perfect a previously deficient notice because that decision is contradicted by the text of the statute and has since been overruled. *See* 8 U.S.C. § 1229b(d)(1)(A) ("[A]ny period of continuous residence

4                                                                                           20-71227

or continuous physical presence in the United States shall be deemed to end . . . except . . . when the alien is served *a notice to appear*[.]" (emphasis added)); *Niz-Chavez v. Garland*, 593 U.S. 155, 158–69 (2021) (holding that a "notice to appear" sufficient to trigger the time-stop rule must be contained in a single document); *see also Lopez v. Garland*, 998 F.3d 851 (9th Cir. 2021) (en banc); *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1184–86 (9th Cir. 2021); *Quebrado Cantor v. Garland*, 17 F. 4th 869, 871 (9th Cir. 2021); *see also Matter of M-F-O-*, 28 I&N Dec. 408, 416 n.3 (BIA 2021) (overruling *Matter of Mendoza-Hernandez & Capula-Cortes*).

Nor are we persuaded that the BIA gave a "reasoned explanation" regarding Petitioner's *prima facie* eligibility. *Tadevosyan*, 743 F.3d at 1253. Although the BIA reasoned that a concern about Petitioner's son did not show "exceptional or extremely unusual hardship," it is unclear to which son the BIA was referring in this sentence and unclear whether the BIA considered all evidence as to Petitioner's sons and wife. The BIA abused its discretion by denying the motion to remand on the issue of cancellation of removal without giving a "reasoned explanation" evaluating Petitioner's *prima facie* eligibility. *Id.*

We grant the petition solely as to Petitioner's cancellation of removal claim and remand to the BIA for further proceedings on this issue consistent with this disposition.

**DENIED IN PART; GRANTED IN PART AND REMANDED. Each**

20-71227

**party shall bear its costs on appeal.**

*Huazo-Marroquin v. Blanche*, No. 20-71227
VANDYKE, Circuit Judge, concurring in part and dissenting in part

I join the majority's denial of the petition with respect to Petitioner's requests for asylum, withholding of removal, and relief under the Convention Against Torture. But I respectfully dissent from the majority's holding that the BIA abused its discretion by denying Petitioner's motion to remand to adjudicate cancellation of removal. Although brief—which BIA decisions almost always are—the explanation provided by the BIA for its denial of Petitioner's motion to remand was sufficiently reasoned, and any error was harmless in any event.

In reviewing the BIA's decision to deny a motion to remand or a motion to reopen, we apply a "deferential, abuse-of-discretion standard of review." *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014) (quoting *Kucana v. Holder*, 558 U.S. 233, 242 (2010)). If the BIA has not "act[ed] arbitrarily, irrationally, or contrary to the law" and has "provide[d] a reasoned explanation for its actions," we uphold the BIA's decision. *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (internal quotation marks and citation omitted). Providing a "reasoned explanation" does not require anything like a full-throated discussion of all Petitioner's evidence. "[I]f evidence is neither highly probative nor potentially dispositive" the BIA need not "individually identify and discuss every piece of evidence in the record." *Hernandez v. Garland*, 52 F.4th 757, 770–71 (9th Cir. 2022) (citation modified) (citation omitted); *see also Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)

1

("The BIA does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (alterations omitted) (quoting *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002))). A general statement by the agency that it has considered the evidence can suffice. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). And in evaluating the BIA's decision, we "apply a presumption that the BIA did review the record." *Hernandez*, 52 F.4th at 771 (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006), *overruled on other grounds*, *Lemus-Escobar v. Bondi*, 158 F.4th 944 (9th Cir. 2025)).

The bar to show sufficient hardship to warrant cancellation of removal is demanding: an alien must establish "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). That means showing hardship "substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family membe[r]." *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) (alteration in original) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). So in order for Petitioner's hardship evidence here to be "highly probative or potentially dispositive"—such that the BIA's decision not to explicitly enumerate and rebut it

2

might be an abuse of discretion—it would need to support some hardship "deviat[ing], in the extreme, from the norm." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006, 1008 (9th Cir. 2025).

None of Petitioner's hardship evidence here comes close to that description. Petitioner's motion spent *five sentences* on the hardship analysis, referencing only five pages from the record before the Immigration Judge. Ultimately, Petitioner raises two potential hardships: (1) his two sons losing his emotional and financial support, which he argues is particularly necessary because of his younger son's dairy allergy and resulting inability to process infant formula; and (2) his wife's temporary deferred-removal status, which he asserts she would have to give up if she visited him in Mexico.

The BIA "recognize[d] [Petitioner's] concerns about the hardship his United States citizen son would experience should [Petitioner] be removed" and concluded that Petitioner "ha[d] not presented evidence of exceptional or extremely unusual hardship that would meet the hardship standard." The majority criticizes the BIA on two grounds: for not indicating whether it considered all Petitioner's evidence, and for not specifying which son it was referring to.

Petitioner's hardship evidence is not "highly probative or potentially dispositive" such that the BIA was obligated to address each piece of evidence individually. *Hernandez*, 52 F.4th at 770 (citation omitted). Petitioner's sons losing

3

his emotional and financial support is hardly "out of the ordinary and exceedingly uncommon" in immigration cases, and does not "deviate, in the extreme, from the norm." *Gonzalez-Juarez*, 137 F.4th at 1006; *see also Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (explaining that deportation commonly results in emotional distress to family members). And Petitioner's sons would not be left without financial support in any event: the record indicates that Petitioner's wife worked before and after the birth of her second son. Given the generality of Petitioner's evidence, the BIA was not obligated to explicitly list and then rebut all Petitioner's hardship evidence for each family member. Applying the presumption that the BIA considered all the evidence, the agency's general acknowledgment of the hardship evidence sufficed to show that the BIA "ha[d] heard and thought and not merely reacted." *Lopez*, 366 F.3d at 807 n.6 (quoting *Efe*, 293 F.3d at 908); *see Almaghzar*, 457 F.3d at 922. No more was required.

The only relevant detail Petitioner mentions that even arguably could make the emotional and financial distress to his sons "out of the ordinary and exceedingly uncommon" is his younger son's difficulty processing infant formula. Petitioner's younger son is now eight years old. Difficulty processing infant formula is no longer relevant. Remanding so that the BIA could further consider that evidence would be "an idle and useless formality." *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (citation omitted).

4

Hardship to Petitioner's wife is similarly irrelevant. By its terms, § 1229b(b)(1)(D) considers only hardship to family members who are "citizen[s] of the United States" or "lawfully admitted for permanent residence." *See* 8 U.S.C. § 1101(a)(20) (defining "lawfully admitted for permanent residence" as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed"). The record indicates that Petitioner's wife belongs to neither group: her removal was deferred on a temporary basis. Evidence that she might suffer hardship is not a basis for remand.

The majority's second criticism—that the BIA did not specify which son it was referring to—fares no better. The only atypical hardship identified by Petitioner—the dairy allergy—related to his younger son, so there is no reason to assume that the BIA had any other rationale for singling out one son in its analysis. The majority's attempt to read ambiguity into the BIA's statement is the opposite of the deferential approach we should take in a case like this. But even if we assume, as the majority does, that the BIA may have only considered the hardship evidence for one son, remand would still not be warranted because, again, any error would be harmless. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (noting that the harmless error rule applies in reviewing BIA decisions). Except for the younger son's now-irrelevant inability to process infant formula, Petitioner's evidence of

5

hardship for his two sons was identical—the same general concern for emotional and financial support. Whichever son the BIA was referring to, Petitioner suggests no relevant reason why the analysis for the other son would have been any different. Remanding so that the BIA could perform the exact same hardship analysis for the second son would, once again, be "an idle and useless formality." *Singh*, 935 F.3d at 827 (citation omitted).

Applying the presumption that the BIA considered the record, I would find that the BIA sufficiently explained its hardship analysis to satisfy the deferential abuse of discretion standard. Any shortcoming was harmless in any event.[1] I would therefore deny the petition in its entirety, and I respectfully dissent from the majority's grant of the petition with respect to Petitioner's cancellation of removal claim.

---

[1] Because the BIA's hardship analysis suffices to dispose of this case, the BIA's application of time-stop rule precedent inconsistent with *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), was harmless error. *See* 8 U.S.C. § 1229b(b)(1) (eligibility for cancellation of removal requires exceptional and extremely unusual hardship to family members even if the ten-year physical presence requirement is satisfied).